**ROCHESTER RANCH CO., a partnership, Plaintiff-Appellee,**

**v.**

**Jerry STUBBLEFIELD, d/b/a Stubblefield Cattle Company, and Ronald Jay Christopher, a/k/a Jay Christopher, Intervening Defendants-Appellants,**

**and**

**Railhead Cattle Co., Inc., a Colorado corporation, Defendant.**

**No. 80CA1174.**

Colorado Court of Appeals, Div. II.

Dec. 31, 1981.

Hutchinson, Black, Hill, Buchanan & Cook, William D. Meyer, Boulder, for plaintiff-appellee.

Nicholas Magill, Steamboat Springs, for intervening defendant-appellant Jerry Stubblefield.

Minor & Brown, Robert R. Post, Jr., Denver, for intervening defendant-appellant Jay Christopher.

KELLY, Judge.

Intervenor-defendants, Jerry Stubblefield and Ronald Jay Christopher, appeal the tri-

al court's denial of their motions for summary judgment and the grant of a motion for summary judgment in favor of plaintiff, Rochester Ranch Co. (Rochester). The case presented to the trial court contained no disputed questions of relevant fact, and accordingly, the disposition of the summary judgment motion rested on the question whether the movants were entitled to judgment as a matter of law. In view of the rule we have announced in *Cugnini v. Reynolds*, Colo.App. (No. 80CA0191, announced December 31, 1981), we affirm.

In 1979, Rochester agreed to buy 1,000 head of cattle from defendant, Railhead Cattle Co. (Railhead). Railhead contacted Christopher and agreed to pay him the purchase price plus one-half of Railhead's commission for cattle Christopher would acquire to help fill the Rochester order. Christopher shipped to Railhead 807 head of cattle pursuant to this agreement, but Railhead did not pay Christopher for all of the cattle.

Railhead also agreed to buy cattle from Stubblefield and pay him when they were delivered. Stubblefield delivered 318 head to Railhead and was not paid for all of them. Although brand inspection certificates were prepared for shipment of the cattle to Railhead and then to Rochester, Railhead did not receive bills of sale from Christopher or Stubblefield.

Railhead combined the cattle from Christopher and Stubblefield, and shipped 922 head to Rochester. Rochester accepted and paid for 887 head, but Railhead refused Rochester's request for a bill of sale. Since Rochester needed a bill of sale to dispose of the cattle, it sued for a declaratory judgment establishing its ownership of the cattle. The trial court ordered Railhead to prepare a bill of sale, the cattle were sold, and the proceeds were deposited with the court pending the outcome of the intervenors' claims.

The trial court ruled that title passed to Rochester under the applicable sections of the Uniform Commercial Code, notwithstanding Rochester's noncompliance with the livestock bill of sale laws, § 35–54–101

et seq., C.R.S.1973. Stubblefield and Christopher assert that since the livestock bill of sale laws govern the transaction, title to the cattle remains in them.

In *Cugnini*, we announced the rule that the livestock bill of sale laws are not superseded by the UCC, and that passage of title to livestock in Colorado is accomplished by compliance with § 35–54–101 et seq., C.R.S.1973. When neither party has complied with the livestock bill of sale laws, *Cugnini* requires application of the law merchant as embodied in the UCC provisions governing passage of title. Here, neither Christopher nor Stubblefield received complying bills of sale when they purchased the cattle later sold to Railhead. Under these circumstances, the trial court's application of UCC provisions governing passage of title was appropriate. The cattle were entrusted to Railhead under § 4–2–403(2), C.R.S.1973, and title passed to Rochester under § 4–2–401(2), C.R.S.1973.

Judgment affirmed.

VAN CISE and TURSI, JJ., concur.